Ruffin, C. J.
 

 It has long been settled, that a blank endorsement by the payee of a bill or note is air authority to a
 
 bona jide
 
 holder (as these plaintiffs appear to be) to fill it up at any time, as an endorsement to himself, or any other person, or to the bearer. Such blank endorsement, it seems, may now be considered, in itself, as making the bill payable to bearer. Upon this latter ground the plaintiffs might have declared as the holders of the bill, under Williamson’s endorsement, against him, or the acceptor or drawer of the bill, taking no notice of Roane’s endorsement .But the plaintiffs have not so declared. On the contrary, their suit is against both Williamson and Roane, as first and second endorsers, and imports, necessarily, that Williamson’s endorsement, was to Roane, and not to the plaintiff, either specially or as being the bearers of the bill. Therefore, it behooved the plaintiffs to fill up Williamson’s endorsementto Roane, so as to make a title in the latter, and enable Roane by his endorsementto give to the plaintiff an action against Williamson. For in that way alone does or can any'contract arise between Williamson, the first endorser, and the plaintiffs, as the second endor-sees. The endorsement might, as a matter of course, have been filled up at the bar, pending the trial, and we cannot imagine what possible reason could have induced the plaintiff’s counsel to refuse, or rather to decline doing so. Under the present declaration the plaintiffs cannot recover upon the two endorsements in blank, and therefore the nonsuit was proper; and the plaintiffs must be left to a new action, in which they may put the endorsements into a proper state.
 

 Per Curiam, Judgment affirmed,